UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRANDE TANNER,

    Defendant.

Case No. C06-1139RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND FOR A PERMANENT INJUNCTION

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment (Dkt. #13) filed by plaintiff the United States of America (the "United States"). The United States seeks a declaration that certain UCC financing statements filed by defendant Brande Tanner with the Washington State Department of Licensing are null, void, and without legal effect, and to enjoin him from filing similar documents in the future.

For the reasons set forth below, the Court grants the United States' motion.

## II. DISCUSSION

**A.  Background Facts.**

The United States filed its complaint against Tanner on August 11, 2006. On February

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND FOR
A PERMANENT INJUNCTION - 1

27, 2007, the Clerk of the Court granted the United States' motion and entered default against Tanner. The effect of that default is that the Court now construes the well pleaded factual allegations of the complaint, except those relating to the amount of damages, as true. See, e.g., Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted).

In April and May 2005, Tanner filed four UCC financing statements[1] and an amendment with the Washington State Department of Licensing containing false representations that Mark Everson (the Commissioner of the Internal Revenue Service), Gary Sterr (a project manager employed by the IRS and formerly Chief of Special Procedures during 1992-97 and in 2000), and the IRS itself are indebted to Tanner, a purported secured creditor. The statements also contained representations that the alleged debtors consented to the false filings. In fact, Tanner is not a creditor of Everson, Sterr, or the IRS. Neither Everson nor Sterr has ever had any personal or commercial involvement with Tanner. None of the purported debtors has ever borrowed money from Tanner, otherwise become indebted to him, or consented to Tanner's filing of financing statements or other purported evidence of the alleged liens.

Tanner filed the financing statements in retaliation for collection actions taken against Tanner that, among other things, led to the recordation of Notices of Federal Tax Liens in 1992 and 1996. Tanner filed the financing statements in order to harass federal officers and employees and to interfere with the enforcement of the laws of the United States pertaining to the IRS.

**B.     Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). All reasonable inferences

---

[1] UCC financing statements are filed with the Washington Department of Licensing in order to perfect security interests and provide notice to the public of the secured party's interest in collateral of the debtors.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND FOR
A PERMANENT INJUNCTION - 2

supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.   Analysis.**

As an initial matter, Tanner has not opposed this motion, which the Court considers as an admission that the motion has merit. Moreover, taking the well pleaded allegations in the complaint as true, the UCC financing statements filed by Tanner are false. In fact, Tanner has essentially admitted that they are false. In a prior filing with this Court, he stated, "I now believe it was a mistake to file the financing statements listed in paragraph #1 as it is not my intention at any time to cause harm or injury to any person or persons whatsoever. Therefore, I sincerely apologize and ask you for your forgiveness; and, I do hereby solemnly promise never to file similar filings of UCC-1 financing statements against Internal Revenue Service, Gary Sterr or Mark W. Everson." Declaration of Brande Tanner, (Dkt. #12) at ¶¶ 2, 3. Tanner also stated that he "withdrew/terminated" the statements. Id. at ¶ 4. Accordingly, the Court finds that the UCC financing statements are false.

The Court has jurisdiction to declare the statements void. See, e.g., Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985) ("We agree with courts in other circuits that [26 U.S.C.] section 7402(a) empowers the district court to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes"); see also 26 U.S.C. § 7402(a) (granting district courts the authority "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"). Accordingly, this Court finds and declares that the UCC financing statements at issue are null, void, and without legal effect.

Section 7402(a) also grants this Court authority to enjoin Tanner from filing similar documents in the future. See, e.g., United States v. Ekblad, 732 F.2d 562, 563 (9th Cir. 1984)

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND FOR
A PERMANENT INJUNCTION - 3

(upholding injunction in a factually similar case); <u>United States v. Van Dyke</u>, 568 F. Supp. 820 (D. Ore. 1983) (same). A party seeking a permanent injunction must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

<u>Reno Air Racing Ass'n v. McCord</u>, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006) (internal citation omitted). The Court finds that all of these elements are met. The false statements have clouded title to the individuals' property, potentially damaged their credit ratings, and "in general the employees of the federal government have been harassed in their personal lives for doing their jobs." <u>Van Dyke</u>, 568 F. Supp. at 822 (finding irreparable harm). The United States and its employees have expended resources to correct public records, to prevent potential damage to the credit histories of government employees, and to litigate this matter. Also, harassment of this type could deter government employees from performing their job functions. The Court finds that the remedies available at law are inadequate to compensate for the injuries. They are also inadequate to deter future violations. Although Tanner has promised not to file similar statements in the future, he has shown a lack of respect for the government, its employees, and the rule of law by filing the false statements and belatedly withdrawing them only after the United States filed this action. Tanner's actions also evidence malice and retaliatory intent towards the IRS and its employees. Furthermore, he has deceptively stated in Court filings that he did not file the statements, though he later admitted that he did. He also averred in Court filings that he was not the defendant, but was instead "Brande: Tanner" and that Brande Tanner is a "registered trade name." Proclamation of Brande: Tanner, (Dkt. #11). These actions show that his conduct is likely to reoccur absent an injunction.

      Moreover, Tanner will not be injured by an injunction that provides that he cannot record false, non-consensual liens or encumbrances in the future. In contrast, the United States and its employees will be harmed if he continues to do so. The balance of hardships therefore weighs

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND FOR
A PERMANENT INJUNCTION - 4

in favor of granting an injunction.  Finally, the public's interest will be served by an injunction.  The public has an interest in the accuracy and integrity of public records, in the fair and effective administration of the federal tax laws, and the prevention of abuse and harassment of government employees.  Accordingly, it is hereby ORDERED:

1. The Court declares that the following UCC financing statements and/or amendments filed with the Washington State Department of Licensing are null, void and without legal effect:

(a) UCC Financing Statement No. 2005-130-7751-7 filed May 10, 2005 listing Mr. Tanner as the purported secured party and IRS employee Gary Sterr as the purported debtor;

(b) UCC Financing Statement No. 2005-130-7757-9 filed May 10, 2005 listing Mr. Tanner as the purported secured party and the Internal Revenue Service as the purported debtor;

(c) UCC Financing Statement No. 2005-120-5019-1 filed April 30, 2005 listing Mr. Tanner as the purported secured party and IRS Commissioner Mark Everson as the purported debtor;

(d) UCC Financing Statement No. 2005-120-5011-5 filed April 30, 2005 listing Mr. Tanner as the purported secured party and IRS employee Gary Sterr as the purported debtor;

(e) UCC Financing Statement Amendment No. 2005-130-7730-2 filed May 10, 2005.

2. Any order or judgment obtained in the present case may be filed with the Washington Department of Licensing, State of Washington, and in the public records of any other jurisdiction where documents identical or similar to the documents described in the preceding paragraph, above, may have been filed by, or on behalf of, defendant Brande Tanner.

3. The Court permanently enjoins Brande Tanner, his agents, employees, and all others in active concert or participation with him from filing or attempting to file any document or instrument which purports to create or reflect any nonconsensual lien, security interest or encumbrance in or against the person or property of any employee or officer of the United States.  However, this injunction shall not prevent any person from applying to a state or federal

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND FOR
A PERMANENT INJUNCTION - 5

court of competent jurisdiction in order to obtain relief on any non-frivolous legal claim, and this injunction shall not apply to liens lawfully created by any judgments of a court of competent jurisdiction.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS the United States' motion for summary judgment and for a permanent injunction as set forth above (Dkt. #13).  The Clerk of the Court is directed to enter judgment in favor of the United States and against defendant.

DATED this 30th day of April, 2007.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT AND FOR
A PERMANENT INJUNCTION - 6